```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


IRIS WAYNE DANIELS,              §
SPN NO. 00255232,                §
                                 §
          Plaintiff,             §
                                 §
v.                               §    CIVIL ACTION NO. H-07-0568
                                 §
BRYAN COLLIER, et al.,           §
                                 §
          Defendants.            §
```

**MEMORANDUM OPINION AND ORDER**

Iris Wayne Daniels a.k.a. James Ray Daniels, an inmate of the Harris County Jail, has filed a suit under 42 U.S.C. § 1983 against officials of the Texas Board of Pardons and Paroles along with Texas Department of Criminal Justice Director Brad Livingston and Texas Department of Criminal Justice Board Chair Christina Melton. Daniels has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2). The court will grant the application and will dismiss this action because it is frivolous.

**I.   Claims and Allegations**

Daniels claims that he was falsely imprisoned and denied credit for time served. He alleges that he was arrested on an outstanding warrant and extradited from Wyoming to Texas in 1986. Daniels was then tried and found guilty of aggravated assault by a jury in the 262nd District Court of Harris County, Texas. State v.

Daniels, No. 440449. See Affidavit, Docket Entry No. 3-2, at 3. On or about July 15, 1986, the court sentenced Daniels to twenty years in prison. Id. Daniels remained in prison until May 1, 1992, when he was prematurely released on mandatory discharge. Id.

Daniels does not clearly state what transpired after his release, but it is evident from his affidavit that at some later time he was re-incarcerated and denied credit for time spent outside of prison pursuant to his early discharge. See Docket Entry No. 3-2, at 3. Daniels argues that the loss of time has extended his length of imprisonment. Id. at 6. He seeks injunctive relief, presumably in the form of restoration of the allegedly forfeited time. See Docket Entry No. 1, at 4.

## II. Analysis

When a prisoner challenges the duration of his confinement, his "§ 1983 action must be dismissed because his claim would be cognizable only in habeas corpus." Boyd v. Biggers, 31 F.3d 279, 283 n.4. (5th Cir. 1994). This action is not cognizable under 42 U.S.C. § 1983 because by seeking credit for time served, Daniels seeks an accelerated release. See Cook v. Texas Department of Criminal Justice Transitional Planning Department, 37 F.3d 166, 168 (5th Cir. 1994). Daniels can only pursue such relief by filing a habeas corpus petition. Boyd, citing Preiser v. Rodriguez, 93 S.Ct. 1827, 1841-42 (1973). Before Daniels can file a petition for a writ of habeas corpus in federal court, he must exhaust all

available state court remedies. 28 U.S.C. § 2254(b); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). Exhaustion requires that the federal claims have been fairly presented to the highest court of the state either in a petition for discretionary review or in an application for a writ of habeas corpus. Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). Under Texas law Daniels may seek relief by filing a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. Ex parte Harvey, 846 S.W.2d 328 (Tex. Crim. App. 1993). Daniels has not indicated that he has filed such an application challenging the loss of time credit.

The court has researched the website of the Texas Court of Criminal Appeals and has discovered that a state habeas application challenging the conviction under cause No. 440449 was filed and dismissed by the Court of Criminal Appeals on August 19, 1999. See www.cca.courts.state.tx.us. If Daniels had presented an argument regarding the purported loss of time in that application, he would be barred from presenting that claim in a federal habeas proceeding because his challenge would be filed well beyond the expiration of the one-year statute of limitations period. 28 U.S.C. § 2244(d).

Daniels' Application to Proceed In Forma Pauperis (Docket Entry No. 2) will be granted. However, Daniels is obligated to pay the entire filing fee ($350.00) under 28 U.S.C. § 1915(b). The Harris County Inmate Trust Fund shall deduct 20% of each deposit made to Daniels' inmate account and forward the funds to the Clerk

on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the fee has been paid.

The prisoner civil rights complaint filed in this action shall be dismissed as frivolous because it lacks an arguable basis in law. 28 U.S.C. § 1915(e)(2); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158 (5th Cir. 1995). If the claims are not otherwise barred, Daniels may file a habeas petition after exhausting available state court remedies. Id.

### III.   Request for Appointment of Counsel

Daniels filed a Request for Court Appointed Counsel (Docket Entry No. 6) contending that his incarceration and lack of funds make such an appointment necessary. In general, there is no right to a court-appointed attorney in section 1983 cases. Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). The court will deny the request because the allegations and issues in the complaint do not present any viable claim under section 1983, and the presence of counsel would not alter the outcome of this proceeding. See Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998).

### IV.   Conclusion and Order

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The Harris County Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

3. Plaintiff's Motion for Leave to File Sworn Affidavits In Forma Pauperis (Docket Entry No. 3) is **GRANTED**.

4. Plaintiff's Request for Court Appointed Counsel (Docket Entry No. 6) is **DENIED**.

5. This action, filed by Inmate Iris Wayne Daniels a.k.a. James Ray Daniels, SPN No. 00255232, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

6. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the Harris County Inmate Trust Fund, 1301 Franklin, Houston, Texas 77002; and the Pro Se Clerk for the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 7th day of March, 2007.

_[signature]_
SIM LAKE
UNITED STATES DISTRICT JUDGE